UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

IN RE:

    Z-1 MANAGEMENT, LLC,           Case No. 18-21898-PJD

    Debtor.                                          Chapter 11

MOTION FOR AUTHORITY TO SELL INTEREST IN REAL ESTATE FREE AND
CLEAR OF LIENS, CLAIMS AND ENCUBRANCES

        Comes now the debtor-in-possession, pursuant to Bankruptcy Rules 6004(c) and 6006(a), and move this Honorable Court for authority to sell its interest in certain real estate free and clear of all liens, claims and encumbrances outside the ordinary course of business pursuant to §363(f) of the Bankruptcy Code, and in support therefore would respectfully show the following:

        1.        On March 2, 2018, the Debtor filed this voluntary Chapter 11 petition. Pursuant to §§1107 and 1108 of the Bankruptcy Code, the Debtor continues to manage its property as Debtor-in-possession.

        2.        This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. Section 1334. Pursuant to 28 U.S.C. Section 157(b)(2)(A), this is a core matter. Venue in this case and of this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

        3.        Contemporaneously herewith the Debtor has filed a separate Motion to Shorten Notice of the Sale Hearing.

4. Debtor owns a strip shopping center located at 6343 Summer Avenue in Memphis, Tennessee, Parcel ID: 089025 C00013, comprising approximately 14,700 square feet of retail space.

5. The Real Estate was listed for sale by the Debtor's duly authorized real estate agent, Jeff Waddell of Crye-Leike Realtors. The agent's employment was approved by the Court on March 22, 2018. The agent has actively marketed the property through multiple channels. The Debtor has negotiated a gross sale price of $1,425,000.00 and entered into a Commercial Purchase and Sale Agreement (the "Contract") subject to this Court's approval. The proposed purchaser is James R. Waddell. The proposed purchaser is a non-insider of the Debtor; he is the uncle of agent Jeff Waddell. A true and genuine copy of the Contract and related documents, executed by the purchaser's attorney-in-fact, is attached hereto as Exhibit A. A true and genuine copy of the duly recorded Power of Attorney conferring authority for execution of the Contract is attached hereto as Exhibit B.

6. The Real Estate is encumbered by a first priority Deed of Trust and Assignment of Rents held by Trustmark Bank, and a second priority Deed of Trust held by Laurence Block and General Investments, LLC.

7. The City of Memphis and the Shelby County Trustee hold lien claims against the Real Estate for property taxes.

8. Upon closing of the sale approved by this Court, valid, perfected and unavoidable liens, claims, and encumbrances shall attach to the sale proceeds to the same extent, and in the same priority, as the prepetition liens, claims and encumbrances, which

shall be paid at closing along with usual and customary closing costs and expenses of sale, including a real estate commission to Crye-Leike Realtors based on 5% of $1,400,000.00, as the contract provides that the seller is to provide a $25,000 credit at closing for parking lot repair.

9. The Debtor believes a sale of its interest in the Real Estate as proposed will produce the highest value to the Estate.

10. Under 11 U.S.C. §363(f), the trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11. Debtor believes that the proposed sale satisfies the provisions of Section 363(f).

12. Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtor seeks a waiver of any stay of the effectiveness of the Sale Order. Bankruptcy Rule 6004(h) provides the "an order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As the property has been marketed for an extended period of time, the Debtor submits that cause exists for a

waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

WHEREFORE, Debtor moves this Honorable Court for an entry of an Order:

a. Approving the sale of the Real Estate free and clear of all liens, claims, encumbrances, and interests, of any kind;

b. Waiving the fourteen-day stay of the order approving this Motion imposed by Bankruptcy Rule 6004(h); and

c. Granting such other and further relief as is appropriate.

Respectfully submitted,

BEARD & SAVORY, PLLC

/s/ Russell W. Savory

Russell W. Savory
Attorney for Z-1 Management, LLC
119 South Main Street, Suite 500
Memphis, TN   38103
901-523-1110

## CERTIFICATE OF SERVICE

I, Russell W. Savory, do hereby certify that a true and genuine copy of the foregoing pleading has been served on following parties by overnight delivery, electronic notice or U.S. Mail, this 27th Day of September, 2018:

Matrix

/s/ Russell W. Savory
_____
Russell W. Savory